IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **GAIL CRAWLEY, as the Administrator of the ESTATE OF JAMES LESLIE MCCLAIN, III, and Sole Guardian of GAGE JAMESON MCCLAIN,**<br><br>*Plaintiff,*<br><br>v.<br><br>**PERRAN LEWIS DAVIS, II, individually, and in his capacity as Executor of the ESTATE OF JAMES LESLIE MCCLAIN, JR.,**<br><br>*Defendant.* | **CIVIL ACTION NO.**<br>**3:25-cv-00113-TES** |

## ORDER DENYING MOTION TO REMAND

As the Administrator of the Estate of James Leslie McClain III and Sole Guardian of Gage Jameson McClain, Plaintiff Gail Crawley filed a Motion to Remand [Doc. 6] her case back to the Superior Court of Oglethorpe County, Georgia. [Doc. 6]. Defendant Perran Lewis Davis, II, individually and in his capacity as Executor of the Estate of James Leslie McClain, Jr., removed this action under 28 U.S.C. § 1332(a). [Doc. 1].

### FACTUAL BACKGROUND

This case arises from a dispute involving Mr. Lewis' administration of James Leslie McClain, Jr.'s estate, which, to the Court's knowledge, is still actively pending in the Probate Court of Oglethorpe County. It is important to note that the probate case

and the corresponding superior court case involve the same parties and concern the same allegations as this one—namely that Mr. Lewis, as the executor of Mr. McClain Jr.'s estate, has failed to adequality perform his duties. [Doc. 8, p. 3 n.1]. According to Mr. Lewis, the probate action was not filed in superior court as it involves "different stated causes of action" and involves "questions that must originate in the probate court under O.C.G.A. § 15-9-30." [*Id.*].

The probate court held a hearing on Ms. Crawley's Petition to Remove Executor on July 8, 2025. [Doc. 6-1, p. 2]. At that hearing, the parties discussed the possibility of consolidating the probate action with the pending superior court action. [Doc. 8, p. 3]. Specifically, Ms. Crawley's counsel suggested "mov[ing] this all the way up to [s]uperior [c]ourt and consolidat[ing] it with the pending [s]uperior [c]ourt action and let[ting] that court rt decide all of the issues." [*Id.*]. Mr. Lewis' counsel then responded that he "[found] that to be acceptable" but added that "the consolidation piece of it . . . will certainly be up to the Superior Court to decide . . . But as to the procedure of getting it to Superior Court, I mean, I think that makes sense." [*Id.*]. Mr. Lewis' counsel then qualified his statement by asserting that it would ultimately be within the discretion of the [s]uperior [c]ourt to decide all of the issues at that point. [Doc. 6-1, p. 2]. On July 29, 2025, the probate court denied the parties' request to consolidate the probate action with the superior court action. [Doc. 8, p. 3 n.2].

On May 30, 2025, Ms. Crawley commenced this action in the Superior Court of

2

Oglethorpe County and asserted claims against Mr. Lewis related to his alleged mismanagement of Mr. McClain Jr.'s estate. *See* [Doc. 1-2]. On July 18, 2025, Mr. Lewis filed a Notice of Removal [Doc. 1] pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. [Doc. 1, p. 1]. There, he specifically alleged that "[t]his Court has original jurisdiction over this action pursuant to U.S.C. § 1332(a) because there is complete diversity of citizenship between [him and Ms. Crawley], and the amount of controversy exceeds $75,000.00 exclusive of interests and costs." [*Id.* at p. 2]. Mr. Lewis further alleged that "[Ms.] Crawley is a citizen of the State of Tennessee" and that "[he] is a citizen of the State of Pennsylvania." [*Id.*]. On August 15, 2025, Ms. Crawley sought remand on the basis that Mr. Lewis waived his right to remove at the July 8, 2025, probate hearing mentioned above. [Doc. 6].

## DISCUSSION

### A. Legal Standard

Civil actions brought in state courts of which the federal courts have original jurisdiction may be removed by the defendant to a proper district court of the United States. 28 U.S.C. § 1441(a). Original jurisdiction may be based on a federal question or on diversity of citizenship. 28 U.S.C. §§ 1331–32. The Court must look to a plaintiff's complaint to determine whether removal was appropriate. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The defendant bears the burden of proving that federal jurisdiction exists. *See*

3

*Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). Removal statutes are strictly construed, and all doubts regarding federal-court jurisdiction must be resolved in favor of a remand to state court. *See Burns*, 31 F.3d at 1095.

### B.  Motion to Remand

Whether this Court has jurisdiction over this case centers around three main issues. First, the Court must consider the argument initially raised in Ms. Crawley's Motion to Remand [Doc. 6], namely that Mr. Lewis summarily waived his right to remove the underlying action to federal court during a July 8, 2025, probate court hearing. Second, without having more information, the Court initially identified a potential issue concerning diversity among the parties. This issue centers primarily around the application of 28 U.S.C. § 1332(c) which provides, in a nutshell, that a personal representative adopts the citizenship of the person or estate that they are representing. Finally, the Court requested that the parties provide additional argument as to whether the instant case would fall into the probate exception, meaning that this Court would not have subject-matter jurisdiction to hear the case. After several rounds of briefing, letters, and email exchanges, the Court has considered all available information and will walk through each of these issues below.

Ms. Crawley's Motion to Remand centers on the alleged in-court stipulation between the parties on July 8, 2025, namely that the superior court should decide the

claims asserted in the case. *See* [Doc. 6-1]. She asserts that the parties' counsel referenced *this* action at the July 8, 2025 probate court hearing and stipulated that (1) the probate court proceeding would be transferred to the superior court, and (2) the parties would request that the superior court consolidate [its case with] the probate court [action] and decide both . . ." [*Id.* at p. 2]. Ms. Crawley's counsel points to the following discussion as fully encompassing the parties' agreement:

> [Counsel for Mr. Lewis] and I have talked and we have decided . . . [W]hat we have agreed is to just go ahead and move this all the way to the [s]uperior [c]ourt and consolidate it with the pending [s]uperior [c]ourt action and let the [s]uperior [c]ourt decide all of the issues at this point . . .

[*Id.*]. Ms. Crawley contends that counsel for Mr. Lewis confirmed the agreement as accurate by adding "[a]nd I find that to be acceptable." [*Id.*]. Counsel for Mr. Lewis, however, qualified any agreement by adding the following:

> I think the consolidation piece of it . . . will certainly be up to the Superior Court to decide . . . But as to the procedure of getting it to Superior Court, I mean, I think that makes sense.

[Doc. 8, p. 3]. Ms. Crawley's counsel characterizes this discussion as an unequivocal waiver of Mr. Lewis' right to remove to this Court. [Doc. 6-1, p. 4].

Mr. Lewis, on the other hand, argues that the transcript shows that "defense counsel expressly reserved consolidation to the [s]uperior [c]ourt and agreed only to the procedure of getting the probate matters at hand before the superior court." [Doc. 8, p. 4]. Mr. Lewis also asserts that none of his counsel's statements "clearly and unequivocally waive the right to remove the instant case to federal court" and that the

5

discussion was concerning the probate case and not, in fact, the instant case. [*Id.* at p. 5]. Instead, Mr. Lewis suggests that the agreement was "merely to allow the [p]robate matter to be transferred to [s]uperior [c]ourt" and that "there was no agreement to consolidate the cases and there was no mention, let alone agreement, not to remove the instant matter to federal court." [*Id.*].

Here, the Court doesn't find the above colloquy sufficient to satisfy the stringent requirements for a party to waive their statutory removal rights. Relevant and binding federal law provides that a defendant only waives his removal rights through conduct that is clearly and unequivocally inconsistent with the right to remove. *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1260–63 (11th Cir. 1999). In *Snapper*, the Court found that the standard of a "clear and unequivocal waiver" is not required when dealing with contractual waivers. *Id.* at 1260. When dealing with litigation-based waivers, however, the "clear and unequivocal standard makes sense." *Id.* Unlike in *Snapper*, there is no contractual waiver of the right to remove at issue here. Rather, Ms. Crawley relies purely on the statements of counsel from the probate hearing. After reviewing the submitted portions of the transcript from that hearing, the Court finds that counsel for Mr. Lewis never clearly and unequivocally waived the right to remove to federal court. Instead, it appears that the parties tendered a tentative proposal to the probate court where the pending probate action would be transferred to the superior court upon approval by the probate court. The Court finds nothing to indicate that either of the

parties contemplated the waiver of a right to remove any action to federal court and the language used by the parties does not in any way lend itself to that conclusion. In fact, the probate court did not grant the transfer and thus rejected any notion that the probate case and superior court case would be joined at the superior court level regardless of any alleged agreement between the parties. [Doc. 8, p. 3 n.2]. All in all, the Court cannot say that based upon the exchange at the probate hearing that the parties clearly intended to waive any right to remove to federal court.

While the parties only formally briefed the issue of waiver, the Court does have an independent obligation to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking. *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010). In keeping with that obligation, the Court inquired into the diversity of citizenship between the parties. In doing so, the Court noted that it had incomplete information concerning the citizenship and domicile of the parties. Email from Judge Tilman E. Self, III to Counsel for Parties (Dec. 2, 2025, at 10:53 A.M. ET) (on file with author). In her Complaint, Ms. Crawley pled that she is a citizen of Tennessee and that Mr. Lewis is a citizen of Pennsylvania. [Doc. 1-2, pp. 2–3]. However, those assertions appeared to ignore how § 1332(c)(2) may apply. Under § 1332 (c)(2) "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of

the same State as the infant of incompetent." Since Ms. Crawley is proceeding as the Administrator of the Estate of James Leslie McClain, III and as sole guardian of Gage Jameson McClain and Mr. Lewis is being sued in his capacity as an individual as well as Executor of the Estate of James Leslie McClain, Jr., the Court required additional information as to the parties' citizenship in the context of their roles as personal representatives. As such, the Court asked the parties to clarify the domicile of the parties with § 1332(c)(2) in mind. Email from Judge Tilman E. Self, III to Counsel for Parties (Dec. 2, 2025, at 10:53 A.M. ET) (on file with author).

In response, the parties clarified that while Ms. Crawley remains solely a citizen of Tennessee, Mr. Lewis, in his capacity as Executor of the Estate, also adopted citizenship in the state of Georgia in addition to his own citizenship in Pennsylvania as an individual. Email from Ms. Crawley's Counsel to Judge Tilman E. Self, III (Dec. 2, 2025, at 3:56 P.M. ET) (on file with author); Email from Mr. Lewis' Counsel to Judge Tilman E. Self, III (Dec. 2, 2025, at 5:07 P.M. ET) (on file with author). To reiterate for clarity's sake, Ms. Crawley remains a citizen of Tennessee and Mr. Lewis is a citizen of both Georgia and Pennsylvania for purposes of this lawsuit.

With that information, Ms. Crawley argued that because Mr. Lewis is deemed to be a citizen of Georgia, he could not remove the underlying action to federal court per 28 U.S.C. § 1441(b)(2)—the forum defendant rule. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this

title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *see also* Email from Ms. Crawley's Counsel to Judge Tilman E. Self, III (Dec. 2, 2025, at 3:56 P.M. ET) (on file with author).

This argument, however, fails to recognize that any violation of § 1441(b)(2) at the time of removal is a procedural defect in removal and not a lack of subject-matter jurisdiction under § 1332. The Eleventh Circuit has held that removal by a non-party, though plainly unauthorized under § 1441(a), was a "defect in the removal proceedings" where the case otherwise could have been originally filed in federal court and therefore was a waivable procedural defect governed by 28 U.S.C. § 1447(c), not a jurisdictional flaw. *See generally Wilson v. Hearos, LLC*, 128 F.4th 1254 (11th Cir. 2025). In doing so, the Court identified the forum-defendant removal under § 1441(b)(2) as an appropriate analogy. *Id.* at 1261. The Court determined that without a timely motion raising that procedural defect, it is waived. *Id.* at 1263. In this case, there is no dispute that it could have been originally filed in in this Court based on diversity of citizenship and the amount in controversy. As such, Ms. Crawley should have raised any issues with the forum-defendant rule within 30 days of removal. *See* § 1447(c). Given the fact that Ms. Crawley did not do so, she waived any such argument.

The Court notes that it does not have the authority to sua sponte remand this case based on the existence of a procedural defect. "A defect other than lack of subject-

9

matter jurisdiction can only be raised through a party's motion and not sua sponte by the district court." *Wilson*, 128 F.4th at 1260 (citing C*orp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009)). A procedural defect is "any defect that does not go to the question of whether the case originally could have been brought in federal district court." *Corp. Mgmt. Advisors, Inc.*, 561 F.3d at 1297. As such, the Court may not independently use the forum-defendant rule as a basis for remand.

Additionally, the Court inquired into the basis for this Court to exercise subject-matter jurisdiction over a probate case. Email from Judge Tilman E. Self, III to Counsel for Parties (Oct. 16, 2025, at 12:07 P.M. ET) (on file with author). Of particular interest to the Court was whether the "probate exception" for federal courts applied in this case. *Id.* The probate exception bars federal courts from (1) probating or annulling a will, (2) administering a decedent's estate, or (3) "disposing of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006) (construing *Markham v. Allen*, 326 U.S. 490, 494 (1946)). Importantly, the probate exception does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction. *Id.*

In response to the Court's inquiry and in support of her Motion to Remand, Ms. Crawley argues that the probate exception applies in this case since her "claims . . . concern the executor's mismanagement of estate property and would necessarily require this Court to assume control over assets presently under the jurisdiction of the

[p]robate [c]ourt." Letter from Ms. Crawley's Counsel to Judge Tilman E. Self, III (Oct. 20, 2025) (on file with author). Mr. Lewis, however, unsurprisingly disagrees. Mr. Lewis argues that the relief sought in this case does not fit into one of the three probate exception categories and that this case does not require the Court to interfere with the administration of Mr. McClain Jr.'s estate. Letter from Mr. Lewis' Counsel to Judge Tilman E. Self, III (Oct. 20, 2025) (on file with author). Mr. Lewis asserts that "[Ms. Crawley] seeks only in personam tort damages against an executor (breach of fiduciary duty, conversion, and concealment of the truth), relief that does not require probating a will, administering an estate, or disturbing property in probate custody." *Id.* at p. 2.

In this case, the Court agrees with Mr. Lewis. The probate exception must be applied narrowly. *Fisher v. PNC Bank, N.A.*, 2 F.4th 1352, 1356 (11th Cir. 2021). Here, each of the claims brought forth by Ms. Crawley are state law tort claims which may all be decided by this Court under diversity jurisdiction and not under the exclusive jurisdiction of the probate court. While Ms. Crawley does request an accounting of Mr. McClain Jr.'s estate in her prayer for relief, *see* [Doc. 1-2, p. 32], the probate court has already denied Ms. Crawley's request to remove Mr. Lewis as the executor and has approved the estate's accounting, rendering this Court's intervention in that matter unnecessary. Letter from Mr. Lewis' Counsel to Judge Tilman E. Self, III (Oct. 20, 2025) (on file with author). The damages requested in Ms. Crawley's Complaint may all be calculated without an accounting ordered by this Court, an estate valuation, directing

distributions, or disturbing property in probate custody. In short, this Court may hear Ms. Crawley's tort claims and grant relief (if warranted) without disturbing the function and ongoings of the probate court. Therefore, the probate exception does not apply.

## CONCLUSION

The Court has thoroughly explored and considered the question as to whether it has subject matter jurisdiction over this case and it remains satisfied that it does. Accordingly, the Court **DENIES** Ms. Crawley's Motion to Remand [Doc. 6].

**SO ORDERED**, this 23rd day of December, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
